No. ——

First Circuit

---

GOODNIGHT v. DR. WILLIS

---

(December 22, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. Louisiana   Digest—Automobiles — Par. 4 (a).

One who drives to the left side of the road in order to pass another automobile going in the same direction is negligent if he collides with another car approaching at a moderate rate of speed going in the opposite direction while so doing.
(Civil Code, Art. 2315. Editor's note.)

2. Louisiana Digest—Appeal—Par. 625.

The finding of the trial court on a matter of fact, namely, the amount of damages sustained by the plaintiff, being clearly correct, is affirmed.

Appeal from the parish of Vernon. Hon. Hal A. Burgess, Judge.

Suit by M. F. Goodnight against Dr. D. O. Willis.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. I. Foster, of Leesville, attorney for plaintiff, appellee.

Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellant.

LECHE, J.   Defendant appeals from a judgment condemning him to pay damages in the sum of $162.73 with legal interest from judicial demand, resulting from an automobile collision.

Mrs. Goodnight, wife of plaintiff, was driving a Durant coupe belonging to her husband along one of the main thoroughfares in the town of Glenmora. She was traveling on her right-hand side of the road at a speed estimated fifteen miles an hour, when she met several automobiles going in an opposite direction and closely following one another, the last or rear automobile being under the control of and driven by Dr. D. O. Willis, the defendant. Dr. Willis, wishing to pass ahead of the automobiles in front of him, turned to the left, ran into and collided with the automobile of plaintiff, shoving the same into the ditch and causing the damage which is the object of the demand in the present suit. Defendant was driving an Oldsmobile which is said to have weighed some 1200 pounds more than the Durant coupe, and while neither of the automobiles was being driven at an excessive speed, the momentum from the greater weight of defendant's automobile accounts for the side impulsion of and the damage done to plaintiff's coupe.

Immediately after the accident defendant stepped out of his automobile, came to Mrs. Goodnight and confessed that he was at fault, offering to pay for necessary repairs to her automobile. Plaintiff's automobile was taken to a service garage and

defendant, finding that the cost of repairs was far in excess of what he expected, refused to pay, and the present suit resulted from his refusal to carry out the offer which he had made to Mrs. Goodnight.

Defendant, as a witness in his own behalf, acknowledges that he offered to reimburse plaintiff, saying he would pay the bill "rather than have an argument about it". He appears to be candid in his testimony and, while he attempts to excuse himself and to palliate his conduct, lack of care and prudence amounting in law to negligence is clearly deducible from his own recital of the occurrence. Defendant was not reckless and wanton, but, in the words of Judge Cooley, he is guilty of "the failure to observe, for the protection and interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury".

The amount of the repair bill paid by plaintiff is $127.73 for parts and $60.25 for labor. The trial judge believed from the evidence and especially from the testimony of R. A. Copeland, an automobile mechanic, that the labor on plaintiff's car, for repairs, was fairly worth only $35.00, and he accordingly deducted $25.25 from the bill. The judge also refused all other claims for damages, and as plaintiff neither appealed nor answered defendant's appeal, these matters are concluded by the judgment.

The proof fully sustains the findings of the trial judge. The evidence shows that the repairs were made necessary by the collision, and there is no reason to presume that plaintiff's car had already been damaged in previous collisions. The charges for parts were according to standard prices and the charge for labor, as allowed in the judgment, is based upon the testimony of defendant's own witness.

We believe the judgment appealed from does full justice and should be affirmed, and it is so ordered.