## No. 3160

### Second  Circuit

---

### COOPER  v.  BENNETT

---

(December 21, 1927.  Opinion and Decree.)
(February 3, 1928.  Rehearing Refused.)

---

(*Syllabus by the Court*)

1.  **Louisiana   Digest — Automobiles — Par. 4 (a).**

An automobile moving at a moderate speed on a public highway and partly past a moving road working machine coming from the opposite direction has the right of way over an automobile moving behind and about to pass the road working machine.

2.  **Louisiana Digest—Appeal—Par. 625.**

Where the only question at issue is one of fact, the judgment of the trial court thereon will not be disturbed unless manifestly erroneous.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by Mrs. M. C. Cooper against Q. L. Bennett.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. W. Elder, of Ruston, attorney for plaintiff, appellee.

T. S. Price, E. L. Walker, of Ruston, attorneys for defendant, appellant.

### STATEMENT OF THE CASE

REYNOLDS, J.  An automobile operated by plaintiff collided with an automobile operated by defendant opposite a road

working machine moving on the public highway, and plaintiff sues defendant for $212.35 damages alleged to have been sustained by her by reason of the collision, which, she alleges, was the fault of defendant. She avers that her automobile was moving on the extreme right-hand side of the highway in the direction in which she was going and met a road-working machine coming from the opposite direction and occupying about two-thirds of the width of the road, measuring from the right-hand side of the road in the direction it was going, and that when her automobile was about parallel to the road-working machine defendant's automobile, which was immediately behind and moving in the same direction as the road-working machine, was sought to be driven between her car and the road-working machine, and thereby brought about the collision. She alleges that defendant's conduct was negligent.

She further alleges that she suffered scratches and bruises about the limbs and body in the collision and suffered mental and physical pain in consequence for which she is entitled to $50.00 as compensation, that she lost the use of her automobile for seven days, which use was worth $5.00 a day, and that she paid for necessary repairs to the automobile $127.35. And she prayed for judgment for $212.35 with legal interest thereon from judicial demand.

Defendant denied that the collision was caused by any fault of his and alleged that it was the result solely of plaintiff's fault. He further alleged that his automobile was moving behind another going in the same direction and that when the automobile ahead of his reached the road-working machine it safely passed the road-working machine on the latter's left side and that he attempted to pass the road-working machine as the automobile in front of him had done, but that just when the front end of his automobile reached the front end of the tractor that was pulling the road-working machine plaintiff's automobile, coming from the opposite direction, without any warning, plunged into defendant's automobile. That the collision occurred at the foot of a long and steep hill which he was ascending and plaintiff descending and that plaintiff could see and did see his automobile coming along toward her behind the road-working machine and the automobile ahead of him, and that he had the right of way to pass the road-working machine before she did, and that she was negligent in attempting to pass the road-working machine before his automobile had done so. He also alleged that plaintiff had the last clear chance to avoid the collision and should not have judgment even though he should be held negligent.

And he reconvened against plaintiff for the sum of $40.51 alleged necessary cost of repairs to his automobile by reason of the collision.

On these issues the case was tried and there was judgment in favor of the plaintiff and against defendant for $127.35 with legal interest thereon from judicial demand and rejecting defendant's reconventional demand against plaintiff and the defendant appealed. Plaintiff did not appeal or answer the appeal.

## OPINION

Only one contention of fact is presented for our decision, namely, whose car, plaintiff's or defendant's, first reached and attempted to pass the road-working machine.

Plaintiff, Mrs. M. C. Cooper, testified:

"Q. As you attempted to pass this road-working machine, what happened, if anything?

"A. Well, there was a car passed us just before we went to pass this machine—

Mr. Bennett's car was behind it, and we passed nearly by and he came in and struck my car.

"Q. You say that there was one car that passed around the road-working machine before you got to it?

"A. Yes, sir.

\* \* \* \*

"Q. In which direction was Mr. Bennett's car traveling?

"A. North.

"Q. That was the opposite direction from which you were traveling?

"A. Yes, sir.

"Q. Did he or not attempt to come around the road-working machine and to your side of the road?

"A. Yes, sir; he did."

Earl Hendrix testified:

"Q. Did you have any accident as you were passing this road machine?

"A. Me and the preacher ran together.

"Q. You mean you and Mr. Bennett—they call him 'preacher'?

"A. Yes, sir.

"Q. At about what point—was it to the front end or back end of the machine or middle of the road machine—that you and Mr. Bennett ran together?

"A. It was about the front wheels of the machine.

"Q. Then you had already passed the tractor and the connecting part between the tractor and the machine before you collided?

"A. Yes.

"Q. When did you first discover or see that Mr. Bennett was going to attempt to come around the machine and to your side of the road?

"A. Well, when he got close enough to it to go around it.

"Q. At that time, where were you with your car?

"A. I was in front of the tractor.

"Q. When you discovered that he was going to attempt to come around the road machine and to your side of the road, did you have any possible chance to stop your car or to have avoided the collision between you and Mr. Bennett?

"A. No, sir.

"Q. Who was driving Mr. Bennett's car?

"A. He, himself."

Frank Strother testified:

"Q. At what point, approximately, did the two cars come together?

"A. Well her car was about even with the front wheels of the road machine.

"Q. Did you see or notice any effort of Mr. Bennett to attempt to come on your side of the road until you all had started to pass the tractor?

"A. No, sir.

"Q. After you noticed that he was attempting to come around the machine, or tractor, was there any possible chance to have avoided an accident?

"A. No, sir."

Ervin Creed testified:

"Q. Was the Cooper car starting past the tractor before the Bennett car started to pass the road machine?

"A. Yes, sir.

\* \* \* \*

"Q. Now, where do you say the front end of the Cooper car was at the time of the accident?

"A. At the front end of the road machine, the front wheel."

\* \* \* \*

Claude Barmore testified:

"Q. With reference to the road machine itself, where did the Cooper and Bennett cars come together?

"A. About the front of the road machine wheels, behind me.

"Q. Just opposite the front wheels of the road machine?

"A. Yes, sir.

"Q. Then, if I understand you, at the time of the accident, the Cooper car had passed the front of the tractor and had come a distance of about twenty feet; would that be correct?

"A. After it passed the front end of the tractor, yes, sir, something like twenty feet.

"Q. After the Bennett car had passed the rear end of the machine, how far had it gone before the cars came together?

"A. Just about even with the machine.

"Q. And that placed the front end of his car about the front end of the road machine?

"A. Yes, sir."

* * * *

Mrs. Frank Strother testified:

"Q. Did you ever leave your right-hand side of the road?

"A. We did not.

"Q. About what place did this collision with Bennett's car take place?

"A. Back by the machine, we had done passed the tractor.

"Q. If you noticed, how far had you all gotten around this tractor when Mr. Bennett attempted to come by the machine and on which side of the road?

"A. Well, we had just gone beyond the tractor and he started around."

* * * *

Jim Anderson testified:

"Q. Had or had not Mr. Cooper's car started past the tractor before Mr. Bennett made an effort to pass?

"A. They had done come down ——

"Q. Who is 'they'?

"A. Cooper's car had done come down on their side of the road before Bennett ever looked even like he was going to start around.

"Q. Then, if I understand you, Bennett left and went to Cooper's side of the road after Mrs. Cooper's car had passed the road machine—is that right?

"A. Yes, sir.

"Q. Did Bennett give any signal or warning that he was going to try to go around?

"A. Not any at all."

The testimony of these witnesses that the collision occurred after plaintiff's automobile had passed the tractor and was passing the road-working machine is contradicted by that of Mr. and Mrs. Pilgreen and defendant himself, all of whom swear it occurred at the front end of the tractor; but it is our opinion that the testimony of the witnesses from which we have quoted is correct.

31 La. App.

Besides this, defendant's eyesight was defective and he wore eye-glasses and he testified that he had turned to his left and was proceeding to pass the road-working machine without having first looked to see whether he could pass without colliding with the car coming from the opposite direction.

Under all the evidence we are convinced that the judgment of the District Court is correct and accordingly it is affirmed.