No. 13,987

Orleans

———

RELF v. TUFT ET AL.

———

(April 4, 1932. Opinion and Decree.)

———

Merrick, Schwarz, Guste, Barnett & Redmann and W. H. Sellers, of New Orleans, attorneys for plaintiff, appellee.

Lloyd J. Cobb, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. Miss Alice E. Relf brought this action against Mr. and Mrs. A. G. Tufts, in solido, to recover property damages said to have resulted from a collision between her Ford sedan and the defendants' Buick sedan on the Chef Menteur highway on August 28, 1930, at about 6:40 o'clock p. m.

The charges of negligence against the defendants are that the Buick car was being driven on the left, or wrong side of the highway, in the direction of New Orleans, at an excessive rate of speed and that its driver, through negligence and carelessness, ran into the plaintiff's car, which was going in the opposite direction, or towards Slidell.

The defendants admit that the Buick car was being driven on its left side of the road, but denied liability, averring that, at the time of the collision, the driver of their car was attempting to pass two cars which were in front of it and going in the same direction and, consequently, defendants' car was lawfully on the left side of the road; that the proximate cause of the collision was the plaintiff's negligence because, after the plaintiff saw and appreciated the defendants' perilous position, she did not make any attempt to stop her car, or pull to her right; that the plaintiff's negligence was the primary cause of the accident and that she should be condemned to pay the defendants' claim in reconvention, and, in the alternative, defendants allege that the plaintiff was guilty of contributory negligence.

There was judgment in favor of the plaintiff, as prayed for, and dismissing the

reconventional demand. Defendants have appealed.

The record shows that on the evening in question, Mrs. Tufts was driving her husband's Buick sedan towards New Orleans on the highway between the Rigolets and Chef Menteur. Miss Relf was proceeding in her Ford sedan on the same road towards Slidell. The Buick car was 300 feet to the rear of another car also going in the direction of New Orleans, and there was a truck pulling a disabled car in the same direction. The first car succeeded in going around the truck and disabled car. But, as the defendants' car attempted to pass these two vehicles, the plaintiff's car, coming in the opposite direction, was discovered by Mrs. Tufts, who was driving the Buick, and, being convinced that there was not room enough between the truck and plaintiff's car for her automobile to pass through, she attempted to stop. Before this could be accomplished the Buick collided with the Ford car.

The road at this point was made of concrete and was twenty-one feet in width. It had been raining previous to the accident and, at the time of its occurrence, it was still drizzling and misty. The pavement and shoulders of the road were wet and slippery. On the right side of the road, or going in the direction of Slidell, there was a large canal.

It is quite impossible to reconcile the testimony of the plaintiff's and the defendants' witnesses as to what happened just preceding the accident. Plaintiff, who was driving her Ford car, had as guests in the car her brother and his wife, all of whom testified that she was driving about twenty-five miles an hour on the right side of the road going in the direction of Slidell and that, as the Buick car attempted to pass the truck, plaintiff pulled to the extreme right of the road and stopped with the right wheels of her car about sixteen inches from the right curb of the concrete road; that Mrs. Tufts attempted to stop the Buick car, but apparently realizing that it was impossible to do so, attempted to go to the right of plaintiff's car, causing the right part of the front bumper and the right front fender to come in contact with the same parts of the Ford car on its right side.

Mrs. Tufts, her daughter and a friend, who were riding in her car, testified that Miss Relf's car was being driven with its left wheels in close proximity to the black line which divided the pavement in the center; that the Buick car was going thirty-five miles per hour; that at the time Mrs. Tufts tried to pass the truck the plaintiff's car suddenly loomed in view and an attempt was made to slacken the speed of the Buick so as to go to the rear of the truck, but before that could be done the Ford car, coming at a fast rate of speed, was upon them; that they did not see the Ford car until it was very near them; that at the time of the collision the Buick car was on its left side of the road—plaintiff's right-hand side—and had come to a stop; that the driver of the Ford car apparently attempted to pass to the right of the Buick car, when 'it appeared that its pathway was obstructed by the Buick automobile.

The driver of the Buick car admits that she was on her left side of the road at the time of the accident and that she did not see the Ford car coming, although its lights were burning, but states she was under the impression that, when she blew her horn, the driver of the Ford car would take it as a signal that she, Mrs. Tufts, was in a dangerous position and that the Ford car should have yielded the right of way to her.

Paragraph (a) of section 15 of Act 296

of 1928, an act regulating traffic on public highways, provides as follows:

"Section 15. (Limitations on Privilege of Overtaking and Passing.)

"(a) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

In the case of Bazile v. J. F. Landry & Co., Inc., 10 La. App. 747, 122 So. 901, where the facts were quite similar to the facts in the instant case, this court said:

"The Ford truck was proceeding towards Pointe-a-la-Hache, on the right, or proper side of the roadway, at a moderate rate of speed, which as it approached the bend in the road was decreased. The Dodge automobile was being driven in a direction away from Pointe-a-la-Hache, and towards the city of New Orleans, on the left, or wrong, side of the road, at a rate of speed of about thirty-five miles per hour, without slowing its speed as it approached the turn. It follows from this finding of fact that the Dodge car was at fault, in that it was on the wrong side of the road and in failing to decrease its speed in the turn of the roadway.

"It is argued, however, that the Ford truck was also to blame because, according to the evidence, the Dodge car was seen by the driver of the Ford truck at a time when the cars were sufficiently far apart to permit him to avoid the accident. In other words, defendant invokes the doctrine of the last clear chance.

"We are of the opinion that the doctrine is improperly invoked in this case. The fact that the driver of the Ford truck saw the Dodge car at about 100 feet, as is testified to, or at a greater distance, did not afford him an opportunity to avoid the accident. If it be suggested that he should have driven over to the left side of the road, in order to escape the Dodge car, the answer is that such maneuver would have been calculated to increase the danger of collision, since it must be assumed that the driver of the Dodge car would have sooner or later, and in time to avoid the collision, taken his position on the proper side of the road. The driver of the Ford truck in seeing the Dodge car directly in his path, was justified in believing that he would pull over to his right in time to avoid the accident. The Ford driver could not drive further to the right, without getting off the roadway and if he stopped his car, and the Dodge had maintained its position, as it did, the accident would have occurred just the same."

See, also, Cooper v. Bennett, 7 La. App. 462; Goodnight v. Dr. Willis, 4 La. App. 26.

After carefully reading the record, it is our opinion that the driver of the Buick car was at fault in trying to pass the truck while driving at a speed of about thirty-five miles an hour, when her view was intercepted by the cars in front of her own, the atmosphere misty and the pavement wet. Before attempting to pass the truck, which necessitated going to her left side of the road, it was her duty to ascertain if there were any cars coming from the opposite direction, and, if so, to wait until they had passed, so that she would have a clear road. We are also of the opinion that plaintiff did everything possible to avoid the accident by pulling to her extreme right-hand side of the road and stopping.

Having reached the conclusion that the proximate cause of the accident was the negligence of the driver of the Buick car and that plaintiff was free from fault, it follows that the judgment of the trial court is correct.

There is no question as to the quantum since, at the opening of the trial below, each party admitted the correctness of the bills covering the damages to the respective cars.

For the reasons assigned the judgment appealed from is affirmed.