### FRANZ v. NEW ORLEANS COFFEE CO., Limited.

### No. 14525.

Court of Appeal of Louisiana. Orleans.
Oct. 30, 1933.

Spearing & McClendon, of New Orleans, for appellant.

Henry & Cooper and A. M. Suthon, all of New Orleans, for appellee.

WESTERFIELD, Judge.

The plaintiff in this case alleges that on May 15, 1924, his Peerless touring car was damaged to the extent of $470.56 on account of the negligence of a servant of defendant. From a judgment dismissing plaintiff's suit, this appeal is prosecuted.

It appears from the record that the plaintiff was driving up Magazine street, which is a wide avenue with two street car tracks on it, and, as he approached the corner of Peniston street, he undertook to pass a large barrel wagon which was directly in his path, turning to the left for that purpose. As he did so a truck, driven by an employee of the defendant, which had been parked at the curb, suddenly loomed up in front of him. In an effort to avoid hitting the truck, plaintiff turned sharply to the right and struck the barrel wagon a glancing blow, with the result that his car, due to the fact that the pavement was wet and slippery, skidded into the curb on the right-hand sidewalk, causing the damages for which this suit is brought.

Plaintiff relies upon a line of authorities, many of them from this court, cited in his brief, to the effect that, where an automobile suddenly emerges in the path of traffic either by starting from a standstill, or entering from a byroad obscured by shrubbery, bushes, or a fence, the utmost care should be taken by the driver to ascertain whether his path is clear. Smith v. Interurban Transp. Co., 5 La. App. 706; Collier v. Frank Varino & Co., 153 La. 638, 96 So. 500; Martens v. Penton, 15 La. App. 35, 130 So. 354; Huddy Cyc. of Automobile Law, vols. 3-4, p. 86; Blashfield, Cyc. of Automobile Law, vol. 1, p. 309, § 10. These authorities do not seem to us to be in point here, because our appreciation of the record is to the effect that, when the Franz car emerged from behind the barrel wagon at a speed of about twenty-five miles an hour, the coffee truck of defendant had started

from the curb, and was in a position such as to make the maneuver contemplated by the driver of the Franz car unsafe. The case seems to us to be controlled by the authority of Goodnight v. Willis, 4 La. App. 26, and Relf v. Tufts et al., 19 La. App. 600, 141 So. 90. In passing another vehicle and entering the path of contrary traffic, as was done in this case by the plaintiff, unusual precaution should be taken to see that the way is clear. Vehicles moving in the opposite direction cannot be held responsible for failure to anticipate the intention of a driver to pass a vehicle in front of him, especially when, as in this case, the vehicle is a large barrel wagon with protruding sides.

Our conclusion is that the judgment appealed from is correct, and, for the reasons herein assigned, it is affirmed.

Affirmed.